J-S59014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KYLIEFF  BROWN | : | |
| | : | |
| Appellant | : | No. 2345 EDA 2018 |

Appeal from the PCRA Order Entered July 9, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005673-2009

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:　　　　　　　**FILED JANUARY 15, 2020**

Appellant Kylieff Brown appeals from the order denying his first timely Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that trial counsel was ineffective for failing to file a requested post-sentence motion or direct appeal after he was sentenced for a violation of probation (VOP).  We affirm.

On March 22, 2009, Appellant was arrested and charged for theft by unlawful taking in the instant case.[2]  At the time of his arrest, Appellant was on pre-trial bail for an unrelated drug case.  *See* Docket No. 1530-2008.  On May 6, 2010, after a jury convicted Appellant of theft, the Honorable Sandy L.V. Byrd sentenced Appellant to one to two years' incarceration followed by three years' probation in the instant case.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3921(a).

Thereafter, on May 29, 2012, Appellant entered a negotiated guilty plea to the drug charges at Docket No. 1530-2008. At that time, the Honorable Charles J. Cunningham, III imposed the agreed-upon sentence of three years' probation. *See* Docket No. 1530-2008.

On December 10, 2013, Appellant was arrested and charged with possession with intent to deliver (PWID) and related offenses. *See* Docket No. 1138-2014. At that time, Appellant was still serving probation in both the instant case and at Docket No. 1530-2008. Ultimately, following a jury trial before the Honorable Rose Marie DeFino-Nastasi, Appellant was convicted of PWID. *See* Docket No. 1138-2014. On September 9, 2016, Judge DeFino-Nastasi sentenced Appellant to forty to eighty months' incarceration. *Id.* Appellant's PWID conviction triggered a probation violation in both the instant case with Judge Byrd and in his case with Judge Cunningham at Docket No. 1530-2008.

On July 1, 2016, Judge Byrd held a *Gagnon II*[3] hearing in the instant case and found Appellant in violation of his probation. On September 20, 2016, the Commonwealth filed a *Gagnon II* summary for the case before Judge Cunningham at Docket No. 1530-2008. On September 23, 2016, Appellant appeared for two separate VOP hearings at which he was represented by counsel.

---

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

- 2 -

Following a hearing in this case, Judge Byrd sentenced Appellant to six to twenty-four months' incarceration, to be served consecutive to any other sentences Appellant was currently serving.

At a separate hearing that same day, Judge Cunningham found Appellant in violation of his probation at Docket No. 1530-2008, and imposed a sentence of two to four years' incarceration, to be served consecutive to any other sentences he was currently serving.[4] **See** Docket No. 1530-2008.

On April 3, 2017, the PCRA court docketed Appellant's *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on January 18, 2018, in the instant case only.[5] Therein, Appellant argued that trial counsel was ineffective for failing to file a post-sentence motion or a direct appeal from the instant VOP sentence. In the alternative, he argued that trial counsel was ineffective for failing to consult with him about filing a direct appeal.

_____

[4] Appellant filed a timely direct appeal from the VOP sentence imposed by Judge Cunningham at Docket No. 1530-2008. **See Commonwealth v. Brown**, 190 A.3d 688, 3398 EDA 2016 (Pa. Super. filed April 6, 2018) (unpublished mem.). After this Court affirmed the trial court on direct appeal, Appellant filed a separate PCRA petition at Docket No. 1530-2008, raising issues distinct from those raised in the instant case.

[5] Appellant's *pro se* petition listed the docket number for both the instant case and Docket No. 1530-2008. However, the amended PCRA petition listed only the docket number for the instant case.

On April 19, 2018, the Commonwealth filed a response, indicating that it did not oppose an evidentiary hearing to determine whether [Appellant] requested that trial counsel file a direct appeal." *See* Commonwealth's Response, 4/19/18, at 1 (unpaginated). However, the Commonwealth disputed Appellant's remaining ineffectiveness claim, and argued that Appellant could not establish that he was prejudiced by counsel's failure to file a post-sentence motion. *Id.* at 2.

On July 9, 2018, Judge Byrd held an evidentiary hearing on Appellant's PCRA petition. Both trial counsel and Appellant testified. Appellant testified that trial counsel represented him at the two separate VOP hearings on September 23, 2016. *See* N.T. PCRA Hr'g, 7/9/18, at 20. He stated that at the first VOP hearing, Judge Cunningham sentenced him to two to four years' incarceration for the violation, and ordered it to run consecutive to his sentence in the PWID case. *Id.* at 17. At the second hearing, in the instant case, Judge Byrd imposed six to twenty-four months' incarceration and ordered it to run consecutive to any other sentences he was currently serving. *Id.*

Appellant testified that after Judge Byrd imposed his VOP sentence in the instant case, he asked trial counsel to file both a motion for reconsideration and a direct appeal. *Id.* at 46. Appellant further stated that his mother and his girlfriend left voice messages for trial counsel the day after sentencing, but trial counsel never returned their calls. *Id.* Appellant indicated that he sent a letter to counsel on September 27, 2016 requesting an update on his motion

for reconsideration. *Id.* at 43-44, 46. However, he never received a response from counsel. *Id.* at 42.

Trial counsel testified that he had no recollection of Appellant's request for a post-sentence motion or an appeal. *Id.* at 57. He further stated that he did not remember receiving phone calls from Appellant's family or a letter from Appellant. *Id.* at 57-59. Trial counsel indicated that if Appellant had asked him to file a motion to reconsider or a notice of appeal, he would have done so. *Id.* at 59.

At the conclusion of the hearing, the PCRA court denied Appellant's petition. *Id.* at 83. The PCRA court credited trial counsel's testimony that Appellant failed to request either a post-sentence motion or a direct appeal. *Id.* at 82. Further, the PCRA court explained that because it would not have granted a post-sentence motion, Appellant could not establish that he was prejudiced by trial counsel's inaction. *Id.* at 81.

On August 6, 2018, Appellant filed a timely notice of appeal. He subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement.[6] The PCRA

_____

[6] Appellant raised the following claims in his Rule 1925(b) statement:

> [1.] The [PCRA] court should have found that [Appellant's] trial counsel was ineffective for failing to file post-sentence motions and/or a notice of appeal to the Superior Court.
>
> [2.] The [PCRA] court erred in crediting the testimony of [Appellant's] trial counsel and discrediting [Appellant's] testimony wherein trial counsel testified that [Appellant] never requested post-sentence motions or a notice of appeal to the Superior Court.

court issued a Rule 1925(a) opinion asserting that Appellant was not entitled to relief.

Appellant now raises one question for this Court's review:

Did the [PCRA] court err in denying Appellant's [PCRA petition] where he testified that he requested his trial counsel to file both post-sentence motions and an appeal to the Superior Court of Pennsylvania so that he could contest the sentence imposed after his violation of probation hearing?

Appellant's Brief at 2.[7]

Appellant argues that trial counsel provided "unpersuasive testimony." *Id.* at 11. He asserts that "it completely defies logic that a person in [] Appellant's position would not ask that his sentence be appealed after being given two consecutive sentences." *Id.* He asserts that the trial court "failed to place [] meaningful consideration or adequate reasons on the record for the consecutive sentence in violation of the Sentencing Code." *Id.* at 11-12. Appellant claims that "there is a reasonable probability that had trial counsel filed a [m]otion to [r]econsider [s]entence, it would have been granted." *Id.*

_____

[3.] The [PCRA] court's sentence for the violation of probation was unreasonable and failed to take into consideration the sentencing factors under chapter 303 of the Pennsylvania Sentencing Guidelines.

Appellant's Rule 1925(b) Statement, 8/30/18.

[7] In his brief, Appellant also references trial counsel's alleged failure to consult with him about a direct appeal. *See* Appellant's Brief at 8. However, Appellant waived this claim by failing to raise it in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4). Therefore, we decline to address it on appeal.

at 11. Therefore, Appellant asserts that the PCRA court erred by denying his petition. *Id.* at 12.

Our review of the denial of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (quotation marks and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). We review "the PCRA court's legal conclusions *de novo*." *See Miller*, 102 A.3d at 992 (citation omitted).

We presume that the petitioner's counsel was effective. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). To establish a claim of ineffectiveness, a petitioner "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted).

Generally, a petitioner must establish (1) that the underlying claim has arguable merit; (2) that counsel lacked a reasonable basis for his action or inaction; and (3) but for the act or omission in question, the outcome of the proceedings would have been different. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). "A claim of ineffectiveness may be denied by

a showing that the petitioner's evidence fails to meet any of these prongs." *Id.* (citation omitted).

Before a court will find counsel ineffective for failing to file a direct appeal, the petitioner must prove that he requested an appeal and that counsel disregarded that request. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa. Super. 2011). When counsel fails to file a requested appeal, "counsel is *per se* ineffective as the defendant [is] left with the functional equivalent of no counsel." *Commonwealth v. Markowitz*, 32 A.3d 706, 715 (Pa. Super. 2011) (footnote omitted).

Our Supreme Court has held that counsel's failure to file a post-sentence motion "does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief." *Commonwealth v. Liston*, 977 A.2d 1089, 1092 (Pa. 2009). Therefore, a defendant must prove that he suffered actual prejudice. *Id.* "Whether VOP counsel can be deemed ineffective . . . depends upon whether [the defendant] has proven that a motion to reconsider sentence, if filed . . . would have led to a different and more favorable outcome." *Commonwealth v. Reaves*, 923 A.2d 1119, 1132 (Pa. 2007).

Here, at the conclusion of the PCRA hearing, the PCRA court explained:

> I've looked very carefully at [Appellant's] contention that had a post-sentence motion been filed it would have been granted. I cannot discern on what basis, given [Appellant's] background, this [c]ourt would have granted a motion for reconsideration of sentence. The sentence imposed was a mild rebuke for the violation of probation and cannot be characterized as harsh, as [Appellant] has stated in his memorandum. So even if [Appellant]

had requested and [trial counsel] had filed a motion for reconsideration, I can tell you with certainty I would not have granted it. So the failure to file said motion did not . . . prejudice [Appellant].

The next issue is whether or not [Appellant] requested [trial counsel] to file an appeal [from] the sentence imposed by this [c]ourt. And to that end, there is an obligation on this [c]ourt to make a credibility determination.

[Appellant's] testimony is riddled with what I would consider internal inconsistencies. And when you consider his long history of convictions for crimes of *crimen falsi*, it's very difficult for me to accept [Appellant's] position that he requested counsel to file a post-sentence motion and counsel did not, and/or his testimony that he requested counsel to file a notice of appeal and counsel did not.

I reach that position despite the fact [of] [where] I start on these issues[:] I always start [with,] where there is a ground for appeal the defendant should be given the benefit of the doubt. That is, why wouldn't the defendant, with some reasonable basis, file an appeal or request that his attorney file an appeal? Even giving [Appellant] that benefit, his testimony is so lacking [in] credibility that I must find against him.

So [Appellant], the [c]ourt finds that you have not met your burden. The petition is without merit and it is therefore dismissed.

*Id.* at 81-82.

Following our review of the record, we discern no basis to disturb the PCRA court's findings. **See Miller**, 102 A.3d at 992. The PCRA court credited trial counsel's testimony that Appellant did not request a post-sentence motion or a direct appeal. We are bound by the PCRA court's credibility determinations, which are supported by the record. **See Lawson**, 90 A.3d at 4; **see also Commonwealth v. Montalvo**, 205 A.3d 274, 290 (Pa. 2019) (stating "that a PCRA court's credibility findings are to be afforded great

deference and where, as here, they are supported by the record, such determinations are binding on an appellate court"). Therefore, Appellant's claim that trial counsel was ineffective for failing to file a direct appeal fails.

Further, as noted by the PCRA court, Appellant did not demonstrate that he was prejudiced by trial counsel's failure to file a post-sentence motion. *See Liston*, 977 A.2d at 1092. The PCRA court, which also sentenced Appellant for the underlying violation, made clear that it would have denied a motion for reconsideration. *See* PCRA Ct. Op. at 81. Therefore, Appellant cannot establish prejudice based on trial counsel's failure to file a post-sentence motion. *See Reaves*, 923 A.2d 1119, 1132 (stating that because the trial court indicated that it "would have imposed the same sentence" even if counsel objected at the VOP hearing, the defendant could not establish "actual prejudice").

Moreover, Appellant failed to demonstrate that, had counsel preserved his discretionary claim, Appellant was reasonably likely to obtain a more favorable result on direct appeal. *See Commonwealth v. Presley*, 193 A.3d 436, 447 (Pa. Super. 2018) (reiterating the Superior Court's "highly-deferential standard of review" in VOP cases, and finding no abuse of discretion "where the record showed the judge's 'in-depth knowledge of this individual, that parole and probation were ineffective in rehabilitating her, and that further incarceration of this degree was appropriate") (citation omitted).

Therefore, Appellant cannot establish prejudice as to trial counsel's failure to file a post-sentence motion. *See Reaves*, 923 A.2d 1119, 1132. Accordingly, Appellant is not entitled to relief. *See Washington*, 927 A.2d at 594.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/20